IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JOHN S. JONES, *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | CASE NO. 4:08-CV-46 (CDL) |
| | * | 42 U.S.C. § 1983 |
| RALPH JOHNSON, Sheriff, and | * | |
| TERRI EZELL, Warden, | * | |
| | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss filed by Defendants Ralph Johnson and Terri Ezell on August 22, 2008. (R-80). Plaintiffs[1] were notified of their right to file a Response to the Motion to Dismiss, but none was filed in the time allowed. The Motion to Dismiss is now ripe for review.

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was recently altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc.*

---

[1] The only Plaintiffs remaining in the case are Roosevelt Thomas, Edward Scott and Theodore McKee. All other party Plaintiffs were dismissed for failure to comply with Court Orders.

*V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

**PROCEDURAL HISTORY**

On April 11, 2008, Plaintiffs filed this 42 U.S.C. § 1983 suit claiming that the Defendants: Violated their 6th and 8th Amendment Rights; subjected them to unsanitary living conditions, overcrowding, small amounts of food, no underwear or socks, no good medical treatment, kitchen crawling with insects, no recreation time, unclean grooming supplies, and opening of their legal mail; and also that the Defendants "changed information without notice or memos." (R-1 at 4). In their unenumerated 12(b) Motion to Dismiss, Defendants claim that Plaintiffs failed to exhaust their administrative remedies. (R-80-2).

**DISCUSSION**

Rule 12(b)(1) provides that a defendant may raise any and all defenses regarding "lack of jurisdiction over the subject matter." Although the Eleventh Circuit has not ruled on this matter directly, the Ninth Circuit Court of Appeals, in *Wyatt v. Terhune,* 315 F. 3d 1108, 1119-20 (9th Cir. 2003), *cert. denied,* 124 S.Ct. 50 (2003), held:

> We next address the form of pretrial motion to be used to resolve the State's contention that the prisoner has failed to exhaust his administrative remedies. In this Circuit, we have held that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *See Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 368 (9th Cir. 1988). (citations omitted). These decisions are based on the general principle that "summary judgment is on the merits," (cite omitted) whereas, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." (citations omitted). In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *See*

3

> *Ritza,* 837 F.2d at 369. If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *See id.* at 368.

Thus, a motion to dismiss based upon a plaintiff's failure to exhaust his administrative remedies, which pleads a lack of jurisdiction, is properly filed as an unenumerated Rule 12(b) motion.

The Defendants contend that Plaintiffs failed to exhaust his available administrative remedies with regard to his claims and, as such, Plaintiff's claims must fail. (R-80-2, p. 4). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive those requirements . . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision, held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the

4

Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Id.* at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be **fully and properly** exhausted. *Id.* (Emphasis added).

Defendants have provided an affidavit by Defendant Ezell, Warden of the Muscogee County Jail, which confirms that the Muscogee County Jail has an administrative grievance system. (R-80-3). The grievance system requires that a prisoner with complaints file a written grievance "within five days of discovery or when you reasonably should have discovered the incident", receive a written response, and then file a written appeal on the grievance form and return it to the grievance coordinator in order to exhaust the administrative grievance system. (R-80-3). Defendants state through the Affidavit of Terri Ezell, that the *Inmate Handbook* is a true and accurate copy and that each inmate is given a copy of the *Inmate Handbook* upon entering the Muscogee County Jail. *Id.*

In their Brief, the Defendants note the grievances filed by the remaining Plaintiffs.[2]

---

[2]Defendants make note of the grievances filed by Plaintiff John Jones. John Jones, however, was dismissed from this case on October 17, 2008. (R-84).

Specifically, Defendants assert that Plaintiff Edward Scott filed only one grievance, on October 31, 2007, complaining that the staff had not allowed him to attend Muslim services. (R-80-3, Exhibit 3). Defendants further assert that Plaintiff Theodore McKee filed a grievance on March 31, 2008, alleging that he had been refused medication (R-80-3, Exhibit 4), and Plaintiff Roosevelt Thomas filed a grievance on February 27, 2008, stating that he had not received "my store in two weeks and I haven't gotten an answer from the request form I sent in" (R-80-3, Exhibit 6). In each of those cases, Plaintiffs marked "no" on their grievance forms indicating that they did not wish to appeal the relevant responses provided by the grievance officer. *Id.*

As stated *supra*, Section 1997(e(a) mandates exhaustion of a prisoner's administrative remedies and courts no longer have discretion to waive the exhaustion requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998). Because § 1997e(a) constitutes a pre-condition to suit, which makes the requirement jurisdictional in nature, an inmate incarcerated in a state prison, must first comply with the grievance procedures established by the state department of corrections before filing a § 1983 lawsuit. Although the Plaintiffs each filed separate grievances, none of the grievances were appealed, nor were any of the grievances relevant to the claims asserted in the complaint in this case. Therefore, because the Plaintiffs failed to exhaust the grievance procedure in place at the Muscogee County Jail prior to the filing of this case, the court is without jurisdiction to review the merits of Plaintiffs' claims.

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants' Motion to

Dismiss be GRANTED and Plaintiffs' action should be DISMISSED.  Pursuant to 28 U.S.C. § 636(b)(1), Plaintiffs may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 20th day of October, 2008.

S/ G. MALLON FAIRCLOTH<br>
UNITED STATES MAGISTRATE JUDGE

eSw